IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:05-cv-00308-RV-MD |
| ) | |
| WILLIAM F. JOHNS; LANELL A. ) | |
| JOHNS; MARY JERNIGAN; ESCAMBIA ) | |
| COUNTY TAX COLLECTOR; STATE ) | |
| FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY; and ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

<u>ORDER OF FORECLOSURE</u>

A judgment against defendant William F. Johns was entered in favor of the United States on February 22, 2006, with the Court determining that the William F. Johns is indebted to the United States in the amount of $109,746.71, including interest and statutory additions accrued through January 31, 2006, plus further interest and statutory additions provided by law from January 31, 2006.  The United States has now moved to foreclose its tax liens against the real property located in Escambia County, Florida.

Accordingly, it is hereby ORDERED:

1.     That federal tax liens encumber the below described parcel of real property (the "Property") located in Escambia County, Florida.  Its legal description is as follows:

> The south ½ of the north ½ of lot 2 lying west of the right of way of U.S. 29 and the south ½ of the north ½ of lot 3, section 34, township 4 north, range 31 west, Escambia County, Florida, containing 20 acres more or less.
>
> Being more particularly described as follows:
>
> The south ½ of the northwest 1/4 of the northwest 1/4 and the south ½ of the northeast 1/4 of the northwest 1/4 lying west of U.S. Highway 29, section 34, township 4 north, range 31 west, Escambia County, Florida. Containing 21.44 acres more or less.

2. That the federal tax liens are hereby foreclosed against the real property described at paragraph 1, above, and that the property in its entirety is ordered sold;

3. That the Internal Revenue Service (herein referred to as the "IRS") Property Appraisal and Liquidation Specialists (PALS), is hereby authorized under Title 28, United States Code, Sections 2001 and 2002, to offer for sale at public auction, the real property described in paragraph 1 above, with any improvements, buildings and appurtenances, thereunto pertaining;

4. That the public auction referred to in paragraph 3, above, shall be held either on the premises themselves or other location in Escambia County in accordance with the provisions of Title 28, United States Code, Section 2001, the times thereof to be announced by the IRS; after the respective property is advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Escambia County, Florida, and by any other notice that the IRS in its discretion may deem appropriate;

5. That any rights, title, liens, claims or interests in the property described in paragraph 1 of the United States and the defendants in this action, except the Escambia County Tax Collector, are discharged upon sale of the property and confirmation of the

sale, as described in paragraphs 3, above and 14, below. The lien, right and interest of the Escambia County Tax Collector in the property is superior to the lien of the United States and remains in full force and effect. The sale of the property is subject to the lien of the Escambia County Tax Collector.

6. The minimum bid for the property will be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions of this Decree of Foreclosure, hold a new public sale and reduce the minimum bid or sell to the second highest bidder;

7. That the successful bidder(s) shall be required to deposit with the IRS, a minimum of twenty percent of the deposit of his or her bid by certified check, made payable to the United States District Court for the Northern District of Florida, or cash deposit at the time of sale. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

8. That the balance of the purchase price for the respective property shall be tendered to the IRS PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to the United States District Court for the Northern District of Florida. In the event that the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the real property shall be re-offered for sale or be offered to the second highest bidder in accordance with the provisions of paragraph 3, above. The United States may bid as a credit against its judgment without tender of cash;

9. That pending the sale of the said property, the IRS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises until the deed is delivered to the successful bidder of the property;

10. The sale is made pursuant to 28 U.S.C. §2001, and is made without right of redemption;

11. Until the Property is sold, William F. Johns and Lanell A. Johns shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Property and provide proof of such when requested by the PALS. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction.

12. All persons occupying the Property shall leave and vacate the Property permanently within 30 days of the date this order is filed or the date on which a copy of it is delivered to the defendants, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). Further, all persons occupying the Property shall turn over the keys to the Property to the IRS PALS and provide proof of current insurance within 30 days of the date this order is filed or the date on which a copy of it is delivered to the defendants,

whichever is later. If any person occupying the Property fails or refuses to leave and vacate the Property by the time specified in this order, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned; and, the IRS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 15 below.

13. That the sale of the property shall be subject to confirmation by this Court, and upon confirmation the IRS shall execute and deliver its deed, conveying the respective property to the successful purchaser;

14. That, when the sale is confirmed by this Court, the Clerk of the Circuit Court, Escambia County, Florida, shall cause transfer of the respective property to be reflected upon that county's register of title;

15. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

16. After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

    a. First, to the IRS to cover the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by

the Court.  If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the IRS the expenses of the sale; and

        b.      Second, half of the remaining proceeds to the United States Department of Justice for the unpaid federal tax liabilities of William F. Johns, and the other half of the remaining proceeds to Lanell A. Johns for her half interest in the property.

     17.    The Court retains jurisdiction over this cause for purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.


Date: March 28, 2006.     /s/ *Roger Vinson*
                                   ROGER VINSON
                                   SENIOR UNITED STATES DISTRICT JUDGE