IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                              **CASE NO.  3:05-cv-308/RV/MD**

vs.

**WILLIAM F. JOHNS, LANELL A. JOHNS,
MARY JERNIGAN, ESCAMBIA COUNTY TAX
COLLECTOR, STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO., and
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

    **Defendants**,
_____/

## ORDER

Pending is the defendant's motion for relief from judgment.  (Doc. 28).

In its initial complaint, plaintiff United States of America alleged that Defendant William F. Johns was liable for approximately $109,746 in unpaid income taxes, and the plaintiff sought to foreclose on a 22-acre tract of land formerly jointly owned by Defendants William Johns and his now ex-wife, Defendant Lanell A. Johns. Defendant Lanell A. Johns did not answer the complaint. Thus, the Clerk of Court entered default against her on November 17, 2005. Subsequently, the plaintiff moved for an Order of Sale and Foreclosure. Again, Lanell A. Johns did not respond to the plaintiff's motion, and I entered an Order of Forclosure on March 28, 2006. (Doc. 26). Now, Lanell A. Johns moves to set aside the default judgment which orders the sale and foreclosure of her property.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause shown and may set aside a default judgment

Case No.: 3:05-cv-308/RV/MD

in accordance with Rule 60(b). In turn, Rule 60(b) provides that a judgment may be set aside for mistake, inadvertence, excusable neglect, or any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A defaulting party must also make a showing that she would have a meritorious defense should the case proceed to trial. See Florida Physician's Ins. Co., Inc., v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); Moldwood Corp. v. Stutts, 410 F.2d 351 (5th Cir. 1969).

In this case, the interest of justice warrants setting aside the Order of Foreclosure. Significantly, default judgments are generally disfavored over the resolution of a dispute on the merits. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). Here, it appears that Lanell A. Johns was ill during a substantial part of this litigation. Her illness required long-term chemotherapy and radiation treatments since at least October of 2005, when this litigation first began. Further, by operation of law, Lanell A. Johns and William F. Johns now own the property subject to the order of foreclosure as tenants in common, following the final dissolution of their marriage in 1992. However, Lanell A. Johns has lived on the property since the divorce (except for her temporary absence to live in Pensacola during her cancer treatment, a period which encompasses the litigation in this case).

With respect to her defense, defendant Lanell A. Johns argues that the government should not be permitted to sell her interest in the property based on factors set forth by the Supreme Court of the United States in United States v. Rodgers, 461 U.S. 677, 693-94, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983). Specifically, she concedes that the United States is statutorily permitted to foreclose and sell undivided property, even when the taxpayer and an innocent third-party share its ownership. Nevertheless, she argues that United States v. Rodgers grants a district judge discretion to equitably deny foreclosure of the entire property based on certain enumerated considerations, which, according to the defendant, would favor denial of

foreclosure in this case. Based on this argument, defendant Lanell A. Johns has made a sufficient showing that she has a meritorious defense to the order of foreclosure.[1] Finally, there is no indication that setting aside the order of foreclosure would cause prejudice to the plaintiff. See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1511 (11th Cir. 1984).

Accordingly, defendant's motion for relief from judgment (Doc. 28) is GRANTED, only to the extent that the Order of Foreclosure of March 28, 2006, is hereby VACATED and SET ASIDE, but the defendant's other requests for relief are DENIED. The Clerk of Court is directed to reopen this case so that parties may address the plaintiff's motion for order of foreclosure, and that motion will be considered as currently pending.

DONE and ORDERED this 1st day of May, 2006.

*/s/ Roger Vinson*
**ROGER VINSON**
**United States Senior District Judge**

---

[1] In addition to requesting that the Order of Foreclosure be set aside, defendant also requests this court to order the United States to sell only one half of the property in question. However, in this motion to set aside the default judgment, I will not address the substance of defendant's argument that the entire property should not be subject to foreclosure.

Case No.: 3:05-cv-308/RV/MD